IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| Anthony Amadei, | |
| Plaintiff, | |
| v. | Case No. |
| Village of Midlothian, Officer Joseph Croak, and Sergeant Adam Panozzo, | |
| Defendants. | Jury Trial Demanded |

## COMPLAINT

Anthony Amadei ("Amadei") by and through his attorneys, NEVILLE & MAHONEY, for his complaint against defendants Village of Midlothian, Officer Joseph Croak, and Sergeant Adam Panozzo, alleges as follows:

### Introduction

1. This action is brought pursuant to 42 U.S.C. §1983 to redress the deprivation under color of law of plaintiff's rights as secured by the United States Constitution.

### Jurisdiction and Venue

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§1331 and 1343(a), the Constitution of the United States, and this Court's supplemental jurisdiction to hear pendent State law claims under 28 U.S.C. §1367.

3. Venue is proper under 28 U.S.C. §1391(b). On information and belief, all parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred within this judicial district.

## Parties

4. At the time of the events complained of herein, plaintiff Amadei was a resident of 4742 West 149th Street, in the Village of Midlothian, Illinois. Plaintiff Amadei is currently a resident of 2100 South State Road, Bluffton, Indiana. Amadei is unemployed due to disability. He is married and the father of two children.

5. Officer Joseph Croak and Sergeant Adam Panozzo ("Defendant Officers") were, at the time of the events complained of herein, employed by the Village of Midlothian as police officers.

6. The Village of Midlothian is a duly incorporated municipal corporation within the Northern District of Illinois and is the employer and principal of the Defendant Officers.

7. At all times material to this complaint, the Defendant Officers were acting in the scope of their employment and under the color of state law, ordinance, and/or regulations, statutes, custom and practice of the Village of Midlothian.

## Background

8. On May 3, 2020, at approximately 9:00 a.m., defendants Sergeant Panozzo and Officer Brill were operating their respective marked Midlothian police vehicles in the area surrounding 149th and Keating Avenue in the Village of Midlothian in an attempt to locate Amadei regarding a complaint made by Amadei's neighbor.

9. At approximately 9:24 a.m., Sergeant Panozzo located Amadei's green Smart Car in the area of 147th and Cicero Avenue. At this time, Sergeant Panozzo activated his emergency lights.

10. In response to Sergeant Panozzo's emergency lights, Amadei pulled into the parking lot of a White Castle restaurant located at 14700 South Cicero. Sergeant Panozzo pulled into the parking lot behind Amadei's vehicle and conducted a traffic stop.

11. At this time, defendant Officer Croak arrived at 14700 South Cicero and parked his marked Midlothian police vehicle behind the vehicle operated by Sergeant Panozzo.

12. Sergeant Panozzo and Officer Croak approached Amadei's vehicle. Sergeant Panozzo requested Amadei shut off his vehicle and hold his hands out of the driver's side window. Amadei complied with this request.

13. Pursuant to the direction of Sergeant Panozzo, Amadei exited his vehicle and placed his hands on the roof of his vehicle. At this time, Officer Croak and Sergeant Panozzo placed the plaintiff in handcuffs and Sergeant Panozzo conducted a pat down of Amadei.

14. At this time, Officer K. Brill arrived at the scene.

15. Following completion of the search of plaintiff, Sergeant Panozzo directed Officer Croak to place Amadei into Officer Croak's vehicle.

16. Officer Brill and Officer Croak escorted Amadei to Officer's Croak's vehicle.

17. Once at the vehicle, Officer Croak violently shoved Amadei face first into the driver's side of the vehicle.

18. Officer Croak then conducted a second pat down of the plaintiff.

19. After conducting this pat down, Officer Croak aggressively pulled plaintiff's left arm up by the handcuffs in such a manner as to lift Amadei off of his feet.

20. Immediately following the above actions, Amadei complained of pain in his left shoulder and advised Officers Croak and Brill that he believed his left shoulder was dislocated.

21. Amadei was then placed in the back seat of Officer Croak's vehicle while Defendant Officers and Officer Brill completed a search of plaintiff's car.

22. Following completion of the search of the plaintiff's vehicle, Amadei was transported to the station in Officer Croak's vehicle.

23. At the station, Amadei repeatedly advised Officer Croak and Sergeant Panozzo that, due to the conduct of Officer Croak at the scene of the arrest, plaintiff was experiencing left shoulder pain and believed his left shoulder to be dislocated.

24. Officer Croak, in the presence of Sergeant Panozzo, proceeded to fingerprint Amadei. In doing so, Officer Croak again aggressively pulled on Amadei's left arm.

25. At this time, Amadei again complained of pain.

26. Amadei then began to hyperventilate. He complained of shortness of breath. In response, an ambulance was called. Amadei complained to the responding EMT/paramedic of left arm pain.

27. Shortly thereafter, Amadei was released from custody.

## COUNT I
## 42 U.S.C. §1983: Excessive Force
## against Officer Croak and the Village of Midlothian

28. Plaintiff re-alleges each of paragraphs 1 through and including 27 as if fully stated herein.

29. As a result of defendant Officer Croak's unjustified, unreasonable and excessive use of force, plaintiff Amadei suffered pain and injury.

30. This conduct violated the Fourth and Fourteenth Amendments to the United States Constitution and hence 42 U.S.C. §1983.

31. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to plaintiff Amadei's constitutional rights.

32. The aforementioned actions of defendant Officer Croak was the direct and proximate cause of the constitutional violations, and the attendant injuries resulting therefrom, as set forth above.

33. As a result of defendant Officer Croak's unjustified and excessive use of force and the policy and practices of the Village of Midlothian, plaintiff Amadei has, as a direct and proximate cause, suffered pain and injury.

34. The misconduct described in this Count was undertaken by Officer Croak within the scope of his employment and under color of law such that his employer, Village of Midlothian, is liable for his actions.

WHEREFORE, plaintiff Anthony Amadei demands judgment against defendant Officer Croak and the Village of Midlothian in this Count for substantial compensatory damages in an amount that will adequately compensate plaintiff for all of the damages he has sustained, as well as for attorneys' fees pursuant to 42 U.S.C. §1988, costs and such other relief as this Court deems equitable and just. Furthermore, because the acts of defendant Officer Croak was willful, wanton and/or malicious, plaintiff Anthony Amadei demands substantial punitive damages against him.

### COUNT II
### 42 U.S.C §1983: Failure to Intervene against
### Sergeant Panozzo and the Village of Midlothian

35. Plaintiff re-alleges each of paragraphs 1 through and including 34 as if fully stated herein.

36. As described more fully above, Sergeant Panozzo had a reasonable opportunity to prevent the violations of plaintiff Amadei's constitutional rights as set forth above.

37. As a result of the failure to intervene by Sergeant Panozzo, plaintiff Amadei suffered pain and injury.

38. The actions of Sergeant Panozzo was intentionally undertaken with malice and reckless indifference to plaintiff Amadei's rights and well-being.

39. The misconduct described in this Count was undertaken by Sergeant Panozzo within the scope of his employment and under color of law such that his employer, Village of Midlothian, is liable for his actions.

WHEREFORE, plaintiff Anthony Amadei demands judgment against Sergeant Panozzo and the Village of Midlothian, jointly and severally, for substantial compensatory damages in an amount that will adequately compensate plaintiff for all of the damages he sustained, as well as for attorneys' fees pursuant to 42 U.S.C. §1988, costs and such other relief as this Court deems equitable and just. Furthermore, because the acts of the defendant Sergeant Panozzo was willful, wanton and/or malicious, plaintiff Anthony Amadei demands substantial punitive damages against him.

### COUNT III
### 42 U.S.C §1983: Conspiracy to Commit Constitutional Violations against Officer Croak and Sergeant Panozzo

40. Plaintiff re-alleges each of paragraphs 1 through and including 39 as if fully stated herein.

41. As discussed in greater detail above, one or both of the Defendant Officers conspired with each other and/or with members of their Department to cause damage to the plaintiff in the following manner:

6

      a.      Agreeing not to report each other after witnessing and/or using excessive force relative to plaintiff Amadei;

      b.      Agreeing not to generate reports documenting their conduct to cover-up their own and each other's misconduct; and

      c.      Agreeing to generate reports and other documents which omitted material facts relating to the arrest.

42. The aforementioned actions of the Defendant Officers were the direct and proximate cause of the violations of the United States Constitution discussed above, and the attendant pain and injury resulting therefrom.

WHEREFORE plaintiff Anthony Amadei demands judgment against all of the defendants designated in this Count, jointly and severally, for substantial compensatory damages in an amount that will adequately compensate plaintiff for all of the damages he has sustained, as well as for attorneys' fees pursuant to 42 U.S.C. §1988, costs and such other relief as this Court deems equitable and just. Furthermore, because the acts of the Defendant Officers were willful, wanton and/or malicious, plaintiff Anthony Amadei demands substantial punitive damages against them.

### COUNT IV
### 42 U.S.C §1983: *Monell* Custom, Policy and Practice
### against the Village of Midlothian

43. Plaintiff re-alleges each of paragraphs 1 through and 42 as if fully stated herein.

44. As described in the preceding paragraphs, defendant Officer Croak utilized excessive force when placing Amadei in his police vehicle and while fingerprinting Amadei at the Midlothian police station, causing the plaintiff pain and injury. Sergeant Panozzo was present during one instance of excessive force and failed to intervene. Both Defendant Officers conspired to not report and not document the instances of excessive force used against Amadei.

7

45. This misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others, specifically, plaintiff Amadei.

46. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to plaintiff Amadei's constitutional rights, specifically the Fourth and Fourteenth Amendments to the United States Constitution, and hence 42 U.S.C. §1983.

47. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Village of Midlothian by its Police Department in that:

   a. As a matter of both policy and practice, the Village of Midlothian Police Department directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests a deliberate indifference;

   b. As a matter of both policy and practice, the Village of Midlothian Police Department facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Midlothian Police Officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses as those affecting plaintiff;

   c. Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Village of Midlothian Police Department abuse citizens in a manner similar to that alleged by plaintiff in this Count as a frequent basis, yet the Midlothian Police Department makes findings of wrongdoing in a disproportionately small number of cases;

   d. As a matter of both policy and practice, the Midlothian Police Department makes its officers aware that if there are no corroborating witnesses or evidence which support a complainant's version of the events in question, complaints of excessive force will never be sustained against them;

   e. Municipal policymakers are aware of (and condone and facilitate by their inaction) a "code of silence" in the Midlothian Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case; and

      f.      The Village of Midlothian has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here.

48.    As a result of the unjustified violation of plaintiff Amadei's rights by the Defendant Officers, undertaken pursuant to the Village of Midlothian's policy and practice as described above, plaintiff Amadei has suffered injury.

49.    As a result of the wrongful infringement of plaintiff Amadei's rights, undertaken pursuant to the Village of Midlothian's policy and practice as described more fully above, plaintiff Amadei has, as a direct and proximate cause, suffered injury.

50.    As described above, the Defendant Officers' conduct was undertaken within the scope of their employment such that their employer, the Village of Midlothian, is liable for their actions.

WHEREFORE plaintiff Anthony Amadei demands judgment against the Village of Midlothian for substantial compensatory damages in an amount that will adequately compensate plaintiff for all of the damages he has sustained, as well as for attorney's fees pursuant to 42 U.S.C. §1988, costs and such other relief as this Court deems equitable and just.

### COUNT V
### State Law Claim: *Respondeat Superior*
### against the Village of Midlothian

51.    Plaintiff re-alleges each of paragraphs 1 through and including 50 as if fully stated herein.

52.    In committing the acts alleged in the preceding paragraphs, Defendant Officers were members and agents of the Village of Midlothian Police Department acting at all relevant times within the scope of their employment.

53. Defendant Village of Midlothian is liable as principal for all the State law torts committed by its agents.

WHEREFORE plaintiff Anthony Amadei demands judgment against the Village of Midlothian for substantial compensatory damages in an amount that will adequately compensate plaintiff for all of the damages he has sustained, as well as costs, and such other relief as this Court deems equitable and just.

### COUNT VI
### State Law Claim: Indemnification
### against the Village of Midlothian

54. Plaintiff re-alleges each of paragraphs 1 through and including 53 as if fully stated herein.

55. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

56. Defendant Officers are employees of the Village of Midlothian Police Department who acted within the scope of their employment in committing the misconduct described herein.

57. Under federal law, the Village of Midlothian is a necessary party for this indemnification claim.

WHEREFORE pursuant to 745 ILCS 10/9-102 plaintiff Anthony Amadei demands judgment against the Village of Midlothian in the amounts awarded to the plaintiff against the individual defendants as compensatory damages, attorneys' fees, costs and such other relief as this Court deems equitable and just.

## JURY DEMAND

Plaintiff Anthony Amadei hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully submitted,

/s/ Terence J. Mahoney
One of the Attorneys for Plaintiff

Terence J. Mahoney (ARDC 01734946)
Jennifer Mann (ARDC 6297108)
Neville & Mahoney
221 North LaSalle Street, Suite 2150
Chicago, IL 60601
(312) 236-2100
tmahoney@nevillemahoney.com
jenniferdmann@gmail.com